1

2

3

4

5

6

7       IN THE UNITED STATES DISTRICT COURT

8       FOR THE EASTERN DISTRICT OF CALIFORNIA

9

10    MICHAEL CEREMELLO,

11              Plaintiff,                    No. CIV S-04-1423 DFL EFB

12         vs.

13    CITY OF DIXON, et al.,

14              Defendants.           <u>ORDER</u>

15    _____/

16              This matter was before the court on October 11, 2006, for hearing on plaintiff's

17    "Motion to Compel" compliance with a subpoena directed to Roberta Lee ("Lee"), a person is

18    who is not a party to this action.  William Collier appeared as counsel for plaintiff.  Bruce Kilday

19    appeared as counsel for defendants.  Defendants did not oppose the "motion" but instead filed

20    papers raising concerns about the documents and tapes plaintiff sought to compel from the non-

21    party, Lee.

22              This "motion to compel" in fact seeks to enforce a subpoena duces tecum plaintiff

23    served on Lee in April 2006.  For the reasons set forth below, the motion was brought under the

24    wrong rule and has failed to address the applicable factors to be addressed for enforcing a duly

25    issued subpoena.  To the extent that the motion seeks to compel Ms. Lee's compliance with a

26    subpoena, the motion must be brought under Fed. R. Civ. P. 45 and should address the standards

1

1   applicable to civil contempt.

2   <u>BACKGROUND</u>

3         Plaintiff's "motion to compel" was referred to the undersigned pursuant to E.D.

4   Cal. L.R. 72-302(c)(1).  By this motion, plaintiff seeks to compel Lee, a non-party to this

5   litigation, to comply with a issued subpoena directing her to produce various documents and

6   tapes that are purportedly relevant to the underlying case.

7         Plaintiff alleges in this Section 1983 civil rights action (42 U.S.C. Section 1983)

8   that defendants deprived him of certain federally-protected rights.  More specifically, plaintiff

9   seems to contend that defendants discriminated against him in limiting his participation in or

10   observation of city council meetings, and in retaliation for the exercise of federally-protected

11   rights, harassed him at the meetings and at his home.  Plaintiff also alleges that defendants, by

12   means of discrimination and retaliation, undertook a 3-year investigation of him aimed at

13   "shutting him up."  According  to the plaintiff, Lee (the subpoenaed party) claimed to have

14   information that plaintiff believes is relevant to proving these claims.  Specifically, Lee allegedly

15   possesses documents regarding the defendants' investigation of plaintiff and surreptitiously

16   recorded tape or electronic recordings of her conversations with defendants Courville and

17   Kalish.  According to the plaintiff, Lee has claimed that she had specific conversations with each

18   of these defendants and that these conversations were specifically about the plaintiff and relate to

19   this case.  Plaintiff also contends that Lee has stated that she recorded these conversations.

20   Defendants Courville and Kalish have submitted declarations admitting that they had

21   conversations with Lee but denying that they consented to any recording of the conversations,

22   and denying any knowledge that Lee was recording the conversations.

23   ////

24   ////

25   ////

26   ////

The present motion is in fact a reprise of an earlier, similar motion filed May 3, 2006, and decided by an order dated June 14, 2006.[1]  In the earlier motion, plaintiff sought a motion to compel Lee to produce documents requested in a subpoena duces tecum issued April 13, 2006.   That subpoena commanded production of "all reports, tapes, interviews, interview transcripts and other documents relating the investigation of Michael Ceremello's complaint against the City of Dixon Police Dept. in 2003."  *See* Notice of Motion and Motion to Compel Roberta Lee to Produce Documents Requested by Subpoena Duces Tecum and Proposed Order, Exhibit 1.  Defendants responded to the "Motion to Compel" by filing a "Request for Further Briefing and Joinder in Request for in Camera Review," on May 17, 2006.  In their "request", defendants articulated concerns that Lee may have in her possession tapes that include confidential communications between Lee and defendants Kalish and Courville.  Defendants claim that such surreptitious recordings may have violated both federal and state laws. Defendants also express concern that the subject of those tape recordings, if they exist, implicate defendants' privacy rights and may be the proper subject of a protective order.

At a hearing on June 1, 2006, Magistrate Judge Moulds allowed Lee additional time to obtain counsel in connection with the production due to Lee's potential criminal liability with regard to the recordings.  At the continued hearing on June 13, 2006, Lee appeared with counsel, Assistant Federal Defender Ned Smock.  The court subsequently ordered Mr. Smock to Bates stamp the subpoenaed documents and to provide copies to Mr. Collier and Mr. Kilday. The court order did not address the tapes due to Lee's representations at the hearing that they did not exist.  The court otherwise denied plaintiff's motion.

The Renewed "MOTION TO COMPEL"

Although the matter was seemingly resolved by these earlier proceedings, plaintiff alleges certain conduct by Lee that undermines the representation at the prior hearing in

---

[1] This case was subsequently reassigned to the undersigned by order dated August 29, 2006.

1   which she denied the existence of the voice recordings.  Notwithstanding her representations to

2   the court at the earlier hearing, Lee allegedly has described the surreptitious recordings in some

3   detail in conversations, voice mail messages and letters describing those recordings.  Plaintiff's

4   instant motion claims that Lee has indicated that she has in her possession responsive documents

5   and tape recordings that she did not produce pursuant to the subpoena and June 13, 2006 order.

6   Plaintiff also contends that he subpoenaed and attempted to take the deposition testimony of Lee,

7   but Lee walked out of the deposition after approximately 5 minutes.   In frustration, plaintiff

8   filed the instant "motion to compel" on August 23, 2006.  Again, defendants have not opposed

9   the pending motion, but rather, in the Joint Statement filed on October 4, 2006, renewed their

10  previous concerns regarding the possible surreptitious recordings and defendants' related privacy

11  interests in those recordings.

12          As explained at the hearing, the "motion to compel", which is the remedy under

13  the Federal Rules of Civil Procedure to compel a party's compliance with a discovery request, is

14  not the applicable procedure to address Lee's alleged refusal to obey a duly-issued subpoena.

15  This motion relates to Lee's alleged refusal to comply with a subpoena duces tecum and a

16  subsequent court order that she do so.  It also relates to Lee's alleged refusal to comply with a

17  deposition subpoena.  A failure to comply with a subpoena without adequate excuse is a

18  contempt of court.  Fed. R. Civ. P. 45(e).  Contempt proceedings are instituted by filing an

19  application for an order to show cause why the contemptnor should not be found in contempt and

20  subjected to sanctions, including the sanction of incarceration, to compel compliance with the

21  court's order.  *See* Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before*

22  *Trial* (The Rutter Group 2006), at ¶ 11:2316.

23          At the hearing on October 11, 2006, the court observed that it appears from the

24  evidence currently before the court that Lee has made varying representations as to whether she

25  did, or did not make surreptitious recordings of the conversations in question.  It also appears

26  that Lee is not taking seriously the court's processes–including prior subpoenas and the court's

4

1    earlier order.  The court also indicated that it would construe the motion as a request for an order

2    to show cause in re: contempt.   In light of that construction and as explained at the hearing, the

3    parties shall file further briefing on the issue of whether or not the materials requested by the

4    subpoena duces tecum are subject to the provisions of Fed. R. Civ. P. 45(c).  Secondly, to the

5    extent that the parties anticipate a claim of privilege by Lee under the Fifth Amendment, the

6    parties shall address the procedure for responding to that claim of privilege.

7                    Accordingly, IT IS ORDERED THAT:

8                    1.  Plaintiff shall file on or before October 25, 2006, further briefing with respect

9    to remedies under Fed. R. Civ. P. 45(c) with regard to Lee's alleged refusal to comply with the

10   subpoenas and order in question.  The briefing shall address whether Lee has refused to comply

11   with subpoenas and an order of this court, and if so, the evidence demonstrating that refusal.

12   Plaintiff shall also address and provide evidence establishing the circumstances of the attempted

13   deposition of Lee in September 2006, including whether she attended that deposition pursuant to

14   a subpoena.  Finally, the briefing shall address the appropriate procedures for responding to any

15   claim by Lee of privilege from compliance under the Fifth Amendment.

16                   2.  Defendants' further briefing on these issues shall be due on or before

17   November 3, 2006.

18                   3.  A hearing on those briefs shall be held on November 15, 2006, at 10 a.m. in

19   Courtroom No. 25.

20   DATED:  October 18, 2006.

21

22

23                                                  EDMUND F. BRENNAN
                                                    UNITED STATES MAGISTRATE JUDGE
24

25

26

5