IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL CEREMELLO,

    Plaintiff,                            No. CIV S-04-1423 DFL EFB

    vs.

CITY OF DIXON, et al.,

    Defendants.                  <u>ORDER</u>

_____/

        On November 15, 2006, this case was before the undersigned for consideration of the parties' supplemental briefing on whether an order to show cause should issue for non-party Roberta Lee's alleged non-compliance with a subpoena duces tecum and a prior court order regarding that subpoena. Attorney William Collier appeared on behalf of plaintiff, and attorneys Bruce Kilday and Susan DeNardo appeared on behalf of defendants.

I. <u>BACKGROUND</u>

        Although not a party to this case, Roberta Lee seems to have caused several disruptions in the discovery process. On April 10, 2006, plaintiff's attorney, William Collier, served on Ms. Lee a subpoena duces tecum requesting a variety of items related to the City of Dixon's alleged investigation of plaintiff. According to Mr. Collier, Ms. Lee never served any formal objections to that subpoena and generally refused to cooperate. Meanwhile, it appears

1

1  that plaintiff, Ms. Lee, and sometimes Mr. Collier, were in relatively regular contact regarding
2  the case and relevant information in Ms. Lee's possession.  In brief, Mr. Collier alleges that Ms.
3  Lee possesses, but refuses to turn over, tapes and documents that demonstrate a conspiracy by
4  defendants to deprive plaintiff of his constitutional rights.  *See*, Declaration of William C.
5  Collier ("Collier Decl."), at ¶ 1-6.  The tapes allegedly contain surreptitious recordings of
6  telephone conversations between Ms. Lee and some of the defendants regarding the plaintiff.
7  Because Ms. Lee failed to respond to the subpoena, plaintiff brought a motion to compel, which
8  was heard by Magistrate Judge Moulds on June 10 and 13, 2006.  The initial hearing was
9  continued to allow Ms. Lee time to obtain counsel to advise her on whether or not her Fifth
10 Amendment rights were implicated by the possibly illegally recorded telephone conversations.
11 Ms. Lee appeared with counsel on June 13, 2006, and through her counsel represented that no
12 such tapes existed.  Magistrate Judge Moulds then ordered Ms. Lee, with the help of her
13 attorney, to comply with the subpoena and to turn over the responsive documents.  Ms. Lee did
14 turn over documents in compliance with this order.

15         However, plaintiff alleges that after the hearing, Ms. Lee told him that "some
16 documents were left out that needed to be produced."  Collier Decl., at ¶ 8.  Plaintiff also
17 continues to believe that Ms. Lee has the alleged tape recordings in her possession, despite the
18 fact that she represented to the court that no such tapes existed.  Mr. Collier also acknowledges
19 that "as far as [they] know, [Ms. Lee] has continued to maintain that there were no tapes from
20 the time of the June 13th hearing to this date."  Collier Decl., at ¶ 10.

21         On August 18, 2006, Mr. Collier subpoenaed Ms. Lee to appear at a deposition
22 scheduled for September 5, 2006.  Ms. Lee came to that deposition, at which Mr. Kilday was
23 present, but left after she apparently became frustrated with several preliminary questions.
24 Neither Mr. Collier nor Mr. Kilday had the opportunity to question Ms. Lee about any
25 responsive items in her possession.  Rather than filing a motion to compel her deposition, Mr.
26 Collier filed a "motion to compel" Ms. Lee's compliance with the subpoena from April 2006.


The undersigned heard that motion on October 11, 2006, and decided to construe it as an application for an order to show cause why Ms. Lee should not be held in contempt. In accordance with that construction, the court ordered additional briefing to determine if an order to show cause was appropriate. Specifically, the court ordered further briefing and evidence on the following issues: whether or not the materials requested by the subpoena duces tecum are subject to any provisions in Fed. R. Civ. P. 45©; whether Ms. Lee refused to comply with the subpoena and an order of this court, and if so, evidence demonstrating that refusal; circumstances of the attempted deposition of Ms. Lee including whether she attended that deposition pursuant to a subpoena; and, appropriate procedures for responding to any claim of Fifth Amendment privilege by Ms. Lee with regard to the tapes or documents.

The court has reviewed that supplemental briefing and determined that plaintiff has failed to establish sufficient, undisputed facts to support a contempt order. The court also notes with some alarm that the discovery cutoff date is currently set for November 30, 2006. Although the parties indicated at the hearing that they are in the process of seeking an extension of this deadline, as of the date of this order, the deadline is November 30, 2006. Accordingly, the court makes this order to expeditiously resolve this discovery issue.

II. DISCUSSION

As explained above, the undersigned construed plaintiff's most recent "motion to compel" as an application for an order to show cause regarding Ms. Lee's alleged acts of contempt. The court construed the motion in this way because plaintiff had already brought a motion to compel Ms. Lee's compliance with the subpoena, which Magistrate Judge Moulds granted in part on June 13, 2006.

As explained in this court's order of October 18, 2006, a failure to comply with a subpoena without adequate excuse is a contempt of court. Fed. R. Civ. P. 45(e). Contempt proceedings are instituted by filing an application for an order to show cause why the contemnor should not be found in contempt and subjected to sanctions, including the sanction of

incarceration, to compel compliance with the court's order. *See* Schwarzer, Tashima & Wagstaffe, *Cal. Prac. Guide: Fed. Civ. Pro. Before Trial* (The Rutter Group 2006), at ¶ 11:2316. In this case, the undersigned's contempt power is limited by the provisions set forth in 28 U.S.C. § 636(e)(6)(B) (requiring the magistrate judge in certain cases to certify facts to the district judge for a contempt hearing). Accordingly, under that statute, any contempt proceedings in this case must be referred to the district judge by certification of the facts that justify a finding of the contempt.

The court is not yet satisfied that plaintiff has established by sufficient evidence, facts for this court to certify to the district judge for a contempt hearing. Plaintiff, in essence, allege that Ms. Lee has failed to comply with a duly issued subpoena for the tapes and that she failed to comply with the June 13, 2006, order to produce documents. That is, plaintiff alleges that Ms. Lee currently possess documents that should have been produced in compliance with that order. Collier Decl., at ¶ 8. However, it is not clear to the court when Ms. Lee came into possession of these alleged documents, and whether or not they actually exist. It is even less clear whether the alleged tapes exist. Accordingly, based on the information presently before the court, it is unable to certify undisputed facts to the district judge for a contempt hearing.

Accordingly, by this order, the court picks up where plaintiff should have begun in September 2006. That is, the court will order Ms. Lee to complete a deposition at which she will respond under oath regarding the existence or non-existence of the alleged tapes and additional documents. At the deposition, Ms. Lee will, of course, be permitted to attend with an attorney. She will also be afforded the opportunity to make any reasonable objections asserting her Fifth Amendment privilege against self-incrimination. However, the deposition shall proceed on a question and answer basis, and any assertion of the privilege shall be made on a question by question basis so that a subsequent determination can be made as to whether the objection is well founded and the privilege properly asserted.

////

III. CONCLUSION

In accordance with the foregoing, IT IS ORDERED that:

1. The deposition of Ms. Lee shall occur on November 21, 2006, beginning at 10:00 a.m., at the offices of Angelo, Kilday & Kilduff, located at 601 University Ave., Suite 150, Sacramento, CA 95825. Ms. Lee is, of course, entitled to attend the deposition with counsel.

2. Ms. Lee is ordered to complete the deposition. Ms. Lee is ordered to answer each question posed to her, unless she reasonably believes that answering the question would violate some privilege, including her Fifth Amendment privilege against self-incrimination. In such case, Ms. Lee is ordered to state her objection and the basis therefor on the record, and to proceed to answer the remaining questions.

3. Counsel for one or both of the parties shall immediately serve Ms. Lee with a copy of this order and otherwise make arrangements with her for the completion of her deposition on the date and time designated herein.

DATED: November 15, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE